Filed 5/22/25  P. v. Haynes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DEWAYNE HAYNES,<br><br>Defendant and Appellant. | C100293<br><br>(Super. Ct. No. STK-CR-FE-2000-0006081) |

Defendant Michael Dewayne Haynes was convicted in 2001 of 11 counts of second degree robbery and one count of attempted second degree robbery, plus eight firearm use enhancements; he was sentenced to prison for 45 years 8 months, including the upper term on the principal count and a one year prior prison term enhancement.  He appeals from a resentencing order made under Penal Code section 1172.75,[1] wherein the

---

[1]     Undesignated section references are to the Penal Code.

1

trial court struck the prior prison term enhancement but otherwise left the sentence unchanged.

Defendant contends the trial court erred in not reducing the sentence further, including (1) declining to strike any of the firearm use enhancements and (2) imposing the upper term on the principal count even though there were no aggravating circumstances found true pursuant to the evidentiary requirements of section 1170, subdivision (b).  As defendant acknowledges in his briefs, this court recently found that, if the upper term was previously imposed, aggravating circumstances need not be proven as required under section 1170, subdivision (b), during a section 1172.75 resentencing.  (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*).)  At this court's request, the parties each filed a supplemental brief addressing *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which disagreed with *Brannon-Thompson*.  (*Gonzalez*, at p. 330.)  We will remand the matter for the trial court to recalculate defendant's custody credits and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2000, defendant committed a series of early morning convenience store robberies in San Joaquin, Sacramento, and Solano counties.  (*People v. Haynes* (Jan. 16, 2003, C038278) [nonpub. opn.] (*Haynes*).)  He was charged with 22 counts of second degree robbery (§ 211; counts 1-10, 12-15, 17-24) and two counts of attempted second degree robbery (§§ 211/664; counts 11 & 16).  A firearm use enhancement was alleged as to counts 1 through 9 and 11 through 23 (§ 12022.53, subd. (b)), and a prior prison term enhancement was also alleged (former § 667.5, subd. (b)).  The prior prison term enhancement was based on a 1995 conviction for possession of a controlled substance for sale and receipt of stolen property.  (Former § 496; former Health & Saf. Code, § 11351.5.)

In April 2001, a jury found defendant guilty of counts 8, 11 through 15, 17 through 19, 21, 22, and 24.  The jury found the firearm use enhancements to be true for

2

counts 8, 11 through 15, 17, and 18.  The trial court found true the prior prison term enhancement.  (*Haynes, supra*, C038278.)

In May 2001, the trial court sentenced defendant to prison for an aggregate term of 45 years 8 months, as follows:  (1) five years (the upper term) for count 8 plus 10 years for the firearm enhancement; (2) four years consecutive (eight months plus three years and four months for the firearm use enhancement) for count 11; (3) four years and four months consecutive (one year plus three years and four months for the firearm use enhancement) each for counts 12, 14, 15, 17, and 18; (4) four years and four months concurrent (one year (one-third the middle term) plus three years and four months for the firearm use enhancement) for count 13; (5) one year consecutive (one-third the middle term) each for counts 19, 21, 22, and 24; and (6) one year consecutive for the prior prison term enhancement.  On appeal, this court affirmed the judgment but ordered the trial court to issue an amended abstract of judgment to correct a clerical error.  (*Haynes, supra*, C038278.)

In November 2023, defendant filed a motion for recall and resentencing pursuant to sections 1172.75, 1170, subdivision (b), and 1385.  Defendant asked the trial court to strike the prior prison term enhancement, impose the low term on count 8 pursuant to section 1170, subdivision (b), and either strike, stay, or reduce the firearm use enhancements pursuant to section 1385.  Defendant argued that, during his 23 years in prison, he had only a limited number of rule violations.  He had also engaged in rehabilitation programs, including participating in a restorative justice program, obtained his high school diploma, and completed several college courses and vocational programs. In addition, defendant argued that he was now 51 years old and had diminished physical capacity due to an injury, making him less likely to be a risk to public safety.  Defendant provided several letters of recommendation.

Defendant further argued the trial court could no longer impose the upper term because there were no aggravating factors that had been proven as now required under

3

section 1170, subdivision (b). Defendant asked the trial court to exercise its new discretion to strike or stay the firearm use enhancements, or to reduce them to section 12022.5, subdivision (a) enhancements. Noting there were multiple enhancements that resulted in a sentence of more than 20 years, defendant also argued it was in the interest of justice under section 1385, subdivision (c), to strike one or more of them.

The prosecution filed a brief asking the trial court to strike the prior prison term enhancement but otherwise leave the sentence unchanged. The prosecution argued that dismissing any enhancements would endanger public safety. Defendant's current crimes were "extremely violent" and numerous. In addition, defendant had made statements in September 2022 to a forensic psychologist working for the parole board that indicated defendant "still does not accept responsibility for his actions" and "felt justified in doing what he did even after having a number of years to reflect." The forensic psychologist opined defendant had a high risk for violence if released on parole. In addition, defendant had multiple prison rule violations and continued to commit crimes while incarcerated, including two convictions for possession of a controlled substance. Also, according to the prosecution, defendant had been convicted of the following crimes in addition to the crimes at issue here: (1) a 1991 misdemeanor conviction for sale or possession of certain weapons (former § 12020, subd. (a)); (2) a 1992 conviction for possession of a controlled substance for sale (former Health & Saf. Code, § 11351.5); (3) a 1995 conviction for grand theft (former § 487, subd. (a)); (4) a 2002 conviction for 15 counts of robbery (§ 211); and (5) convictions in 2001 and 2009 for unauthorized possession of a controlled substance in prison or jail (§ 4573.6).

The prosecution also asked the trial court to impose the upper term on count 8, reasoning that the firearm use enhancement had been found true and therefore the trial court could rely on the aggravating circumstance in California Rules of Court, rule

4

4.421(a)(2)[2] [defendant was armed with or used a weapon at the time of the crime]. In addition, the prosecution argued, the trial court could rely on rule 4.421(a)(1) [the crime involved great violence], rule 4.421(a)(9) [the crime involved an attempted or actual taking of great monetary value], rule 4.421(b)(1) [defendant has engaged in violent conduct that indicates a serious danger to society], and rule 4.421(b)(3) [defendant had served a prior prison term].

During the December 2023 resentencing hearing, the trial court noted it had reviewed the documents filed by both parties, as well as the record from a recent parole hearing. Defendant testified that, if he were released, he planned to work in healthcare facility maintenance and give motivational speeches for youth about gangs. He had "grown up a lot" since committing his crimes when he was only 26 years old. He was remorseful and "accept[ed] full responsibility and accountability for everything" he had done. He also had a strong support system outside of prison. Defense counsel argued defendant did not currently represent a threat to public safety, and he wanted to be successful on parole. Furthermore, the Legislature had indicated its intent to encourage "meaningful reduction" of criminal sentences.

The prosecution described defendant as "an absolute terror." Defendant's certified record of conviction, (which the trial court admitted as evidence) showed he had been convicted of 15 more counts of robbery, along with two prison drug cases. Although defendant had taken some classes, he had not taken behavioral intervention classes. In addition, defendant had made troubling statements to the parole board forensic psychologist, and defendant lacked a plan for support if released on parole, making him a risk to public safety. Moreover, the existing sentence was fair because defendant had used a gun during the robberies at issue here.

---

**2**      Undesignated rule references are to the California Rules of Court.

5

Later that month, the trial court issued a written decision striking defendant's prior prison term enhancement but otherwise leaving the sentence unchanged (resulting in an aggregate sentence of 44 years 8 months). Although there were "some" mitigating factors, defendant's release "would endanger public safety," per sections 1172.75 and 1385. The court noted (1) "the number of and underlying facts of [defendant's] voluminous convictions;" (2) defendant's "violent and lengthy criminal history," especially since defendant's criminal history had only slowed while he was incarcerated; and (3) defendant's prison rule violations, which included two drug possession convictions, possession of cell phones, and delaying an officer in performing duties. "Most concerning" was the recent finding that defendant was "guilty of behavior which could lead to violence" during a February 2022 confrontation with a corrections officer, "buttress[ing]" the parole board forensic psychologist's finding that defendant posed a high risk of violence if released on parole. In addition, defendant demonstrated a lack of awareness of others when he made unwelcome comments of a personal nature to a female corrections officer. Moreover, defendant did not have a realistic plan for release.

The trial court did not address custody credits in its written order, and the abstract of judgment lists the same amount of custody credits as originally awarded in 2001.

Defendant timely appealed.

## DISCUSSION

## I

Defendant contends the trial court erred in imposing the upper term on the principal robbery count. According to defendant, the trial court abused its discretion and violated his Sixth Amendment rights because there were no aggravating circumstances proven pursuant to the evidentiary requirements in section 1170, subdivision (b). The People encourage us to follow *Brannon-Thompson, supra*, 104 Cal.App.5th 455 and find no error because section 1172.75 "does not require aggravating factors to be found true

6

beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson,* at p. 458.) We agree with the People.

As amended by Senate Bill No. 567 (2021-2022 Reg. Sess.), effective January 1, 2022, section 1170 generally provides for midterm sentences and prohibits upper-term sentencing unless the circumstances in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subds. (b)(1)-(3); Stats. 2021, ch. 731, § 1.3; see also Rule 4.421 [setting forth circumstances in aggravation that a court may consider in sentencing].) In selecting an appropriate term, the trial court must set forth on the record the facts and reasons for choosing the sentence imposed. (§ 1170, subds. (b)(5), (c).)

Section 1172.75, effective in 2022, generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b), with some exceptions not relevant here. When presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id*., subd. (d)(2).) In addition, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (d)(4).)

In *Brannon-Thompson*, this court found that the plain language of section 1172.75, subdivision (d)(4), indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson,*

7

*supra*, 104 Cal.App.5th at pp. 466-467.) As such, section 1172.75, subdivision (d)(4), creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at p. 467.)

Because the trial court here originally imposed the upper term on the principal robbery count, under *Brannon-Thompson*, the court could reimpose the upper term on that count during the section 1772.75 resentencing without relying on any aggravating circumstances proven pursuant to section 1170, subdivision (b). As such, the trial court did not err in sentencing defendant to the upper term without any such circumstances.

Defendant argues *Brannon-Thompson* was wrongly decided and urges us to follow *Gonzalez*. The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez, supra*, 107 Cal.App.5th at pp. 328-329.) However, the *Gonzalez* court feared, "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. Lynch* (2024) 16 Cal.5th 730, 768]." (*Id*. at p. 330.)

We respectfully disagree with the *Gonzalez* court's analysis. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b), implicate the Sixth Amendment jury trial right. As our Supreme Court explained, "under the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime." (*People v. Lynch, supra*, 16 Cal.5th at p. 760.) But, section 1172.75, subdivision (d)(4), "carves out an exception" to the factfinding requirements of

8

section 1170, subdivision (b).  (*Brannon-Thompson, supra*, 104 Cal.App.5th at p. 458.)

Because those requirements do not apply when reimposing the upper term at a section

1172.75 resentencing, the Sixth Amendment is not implicated.  (See *Lynch*, at p. 759 ["It

is the requirement of additional factfinding that brings the Sixth Amendment into play"];

see also *id*. at p. 756 ["in this context, what the Sixth Amendment requires is necessarily

informed by what the state statutory scheme requires"].)  Under the circumstances, we

find no error.

## II

Defendant further contends the trial court abused its discretion in declining to

dismiss any sentence enhancements under section 1385.  According to defendant, his

sentence was "excessively long," and he had made "continuing positive progress while in

prison."  Defendant also argues that the court applied the wrong standard in finding that

dismissing the enhancements would endanger public safety because it erroneously failed

to consider when defendant would be released, especially since the firearm enhancements

added an aggregate of 30 years to the sentence.  We disagree.

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended

section 1385 to add subdivision (c), which requires a trial court to dismiss an

enhancement "if it is in the furtherance of justice to do so."  (§ 1385, subd. (c)(1);

Stats. 2021, ch. 721, § 1.)  In exercising its discretion, "the court shall consider and afford

great weight to evidence offered by the defendant to prove that any of the mitigating

circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or

more of these circumstances weighs greatly in favor of dismissing the enhancement,

unless the court finds that dismissal of the enhancement would endanger public safety.

'Endanger public safety' means there is a likelihood that the dismissal of the

enhancement would result in physical injury or other serious danger to others."  (§ 1385,

subd. (c)(2).)  The mitigating circumstances include where multiple enhancements are

alleged in a single case and where the application of the enhancement could result in a sentence exceeding 20 years. (*Id.*, subds. (c)(2)(B), (c)(2)(C).)

We review a trial court's denial of a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court of Los Angeles County* (2022) 79 Cal.App.5th 478, 490.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)

We find no merit in defendant's contentions that the trial court abused its discretion in declining to dismiss any of the firearm use enhancements. Defendant extensively argued in his sentencing briefs and during the hearing that the trial court should dismiss some or all of the enhancements under section 1385, including arguing that defendant posed a lower future risk to public safety given his age and diminished physical capacity due to an injury. Defendant also argued it was in the interest of justice to strike one or more of the enhancements because there were multiple enhancements that resulted in a sentence of more than 20 years.

In its written decision, the trial court noted it had reviewed defendant's prison records and acknowledged there were "some" mitigating factors. However, "[defendant's] release would endanger public safety," given his "violent and lengthy criminal history," and continued pattern of committing crimes and violating prison rules while incarcerated. In addition to defendant's inappropriate personal comments to a female corrections officer, the court found "[m]ost concerning" defendant's recent actions during a February 2022 confrontation with a corrections officer that could have led to violence. And, the court noted defendant's lack of a realistic plan for release and the parole board forensic psychologist's conclusion that defendant posed a high risk of violence if released on parole, indicating the court was aware of its obligation to consider defendant's current and potential future risk to public safety upon release. (See *People v.*

*Gonzalez* (2024) 103 Cal.App.5th 215, 228 [when considering whether the dismissal of the enhancement would endanger public safety as required under § 1385, a trial court should assess the current and future dangerousness of the defendant, including considering when the defendant would be released from prison].)  Under the circumstances, there is no evidence that the court was unaware of defendant's arguments in favor of mitigation, misunderstood its discretion under section 1385, or failed to follow the law.  (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it"].)

III

Our review of the record reveals that the trial court erroneously failed to recalculate defendant's custody credits.  When a trial court resentences a defendant who is currently in custody, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)  We will remand the matter for the trial court to recalculate credits.[3]

---

[3]  Since the issue has not been briefed, a party who believes the issue has been wrongly decided may petition for rehearing.  (Gov. Code, § 68081.)

DISPOSITION

The matter is remanded for the limited purpose of recalculating the actual days of credit for which defendant is eligible on his resentencing.  The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


_____\s\_____,
Krause, Acting P. J.



We concur:



_____\s\_____,
Boulware Eurie, J.



_____\s\_____,
Wiseman, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.